# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
## No 25-0898V

|  |  |
|---|---|
| SHARI SMITH-JACKSON,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: April 8, 2026 |

*Leigh Finfer, Muller Brazil, LLP, Dresher, PA, for Petitioner.*

*Camille Jordan Webster, U.S. Department of Justice, Washington, DC, for Respondent*

### DECISION ON DAMAGES[1]

On May 27, 2025, Shari Smith-Jackson filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration ("SIRVA"), a defined Table injury, after receiving a human papillomavirus vaccine on April 29, 2024. Petition at 1, ¶¶ 1, 20. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On December 18, 2025, a Ruling on Entitlement was issued, finding Petitioner entitled to compensation for a SIRVA. On April 7, 2026, Respondent filed a Proffer on an award of compensation ("Proffer"). Respondent represented that Petitioner agrees with

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

the proffered award. *Id.* at 2. Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached proffer, **Petitioner is awarded a lump sum of $64,423.65 (representing $62,500.00 for pain and suffering, $930.59 for past unreimbursable expenses, and $993.06 for past lost wages) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a). Proffer at 2. The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

|  |  |
|---|---|
| SHARI SMITH-JACKSON, | |
| Petitioner, | No. 25-898 |
| | Chief Special Master Brian H. Corcoran |
| v. | ECF |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On May 27, 2025, Shari Smith-Jackson ("petitioner") filed a petition for compensation ("Petition") under the National Childhood Vaccine Injury Act of 1986, as amended (the "Vaccine Act"), 42 U.S.C. §§ 300aa-1 to -34. Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA"), as defined in the Vaccine Injury Table, 42 C.F.R. § 100.3, as the result of a human papillomavirus ("HPV") vaccination received on April 29, 2024. Petition at 1.

On December 18, 2025, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report indicating that this case is appropriate for compensation under the terms of the Act for a SIRVA Table injury, and on the same day, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation. ECF No. 15; ECF No. 16.

I.    **Items of Compensation**

A.    <u>Pain and Suffering</u>

Respondent proffers that petitioner should be awarded **$62,500.00** in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

B.    Past Umreimbursable Expenses

Evidence supplied by petitioner documents that she incurred past unreimbursable expenses related to her vaccine-related injury.  Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of **$930.59**.  *See* 42 U.S.C. § 300aa-15(a)(1)(B).  Petitioner agrees.

C.    Lost Wages

Evidence supplied by petitioner documents that she incurred past lost wages related to her vaccine-related injury.  Respondent proffers that petitioner should be awarded past lost wages in the amount of **$993.06**.  *See* 42 U.S.C. § 300aa-15(a)(3)(A).  Petitioner agrees.

The above amounts represent all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).[1]  Petitioner agrees.

## II.    **Form of the Award**

Petitioner is a competent adult.  Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following:

A lump sum payment of **$64,423.65** to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

---

[1] Should petitioner die prior to the entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

JONATHAN GUYNN
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

LARA A. ENGLUND
Assistant Director
Torts Branch, Civil Division

/s/CAMILLE J. WEBSTER
CAMILLE J. WEBSTER
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Ben Franklin Station Washington, D.C. 20044-0146
Direct dial: (202) 307-3241
Email: Camille.Webster@usdoj.gov

Dated:  April 7, 2026

3

CERTIFICATE OF SERVICE

I certify that today, April X, 2026, a copy of the foregoing pleading was served by

electronic mail to Leigh Finfer at leigh@mullerbrazil.com.


/s/CAMILLE J. WEBSTER
CAMILLE J. WEBSTER
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Ben Franklin Station Washington, D.C. 20044-0146
Direct dial: (202) 307-3241
Email: Camille.Webster@usdoj.gov

4